IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHANNON BRIANNA BOATWRIGHT, §<br>§<br>Plaintiff,  §<br>v.  §<br>  §<br>ANDREA PLUMLEY, et al.,  §<br>Defendants.  § | No. 3:20-cv-00043-L (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Shannon Brianna Boatwright filed this *pro se* civil action challenging a state court decision to terminate her parental rights. The Court granted her leave to proceed *in forma pauperis* and withheld issuing process pending judicial screening. The Court now recommends that the complaint be dismissed.

I

Boatwright filed her original complaint on January 8, 2020 and has since filed several amended complaints. In her latest amended complaint, she names as defendants Judge Andrea Plumlee, Child Protective Services (CPS), CPS investigator Kiersten Washington, and the Garland and Dallas Police Departments. *See* Compl. 4 (ECF No. 47).

Boatwright claims Judge Plumlee did not allow her a fair child custody trial and that Judge Plumlee was biased against her and failed to follow court rules. *Id.*

5. She claims CPS investigator Kiersten Washington provided false testimony against her. *Id.* She also alleges the Garland Police Department failed to help her get her child back from her mother and step-father and that an officer called her "mental." *Id.* She states the Dallas Police Department told her that her CPS issues were a civil matter, and that they would arrest her if she continued to call them. *Id.* She further appears to allege she was arrested and taken to Parkland Hospital. *See id.* She also claims the Dallas Police Department refused to arrest people who were torturing her. *Id.* She seeks full custody of her son, a restraining order against CPS, the Garland Police Department and Dallas Police Department, "[i]ncarceration for every law enforcement officer, Court official and CPS Worker," "assistance in caring for my child," and assistance in finding a neurologist and pain management doctor. *Id.* 6.

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Further, to state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those

facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III.

A.  Boatwright fails to state a claim against the Garland and Dallas Police Departments.

Boatwright names the Garland and Dallas Police Departments as defendants. "The capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting Fed. R. Civ. P. 17(b)). "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing *Johnson v. Dallas Police Dep't*, 2004 WL 2964968 at *2 (N.D. Tex. Dec. 15, 2004), *adopted by* 2005 WL 119467 (N.D. Tex. Jan. 18, 2005) (Dallas police department is not a proper defendant with jural existence); *Bridges v. Rossi,* 1998 WL 241242 at *5 (N.D. Tex. May 6, 1998) (same)); *Williams v. Garland Police Dept.*, 2013 WL 5502808 at *2 (N.D. Tex. Oct. 3, 2013) ("The Garland Police Department is not a legal entity capable of being sued."). *See also Darby*, 939 F.2d

3

at 313 ("In order for a plaintiff to sue a city department, it must 'enjoy a separate legal existence.'" (citations omitted)). Because the Dallas and Garland Police Departments are nonjural entities, Boatwright's claims against these defendants should be dismissed.

B.  <u>Boatwright's claims against the other defendants are barred by immunity and the Rooker-Feldman doctrine.</u>

Boatwright challenges Judge Plumlee's decision to terminate her parental rights. She claims Judge Plumlee was biased against her and that CPS investigator Kiersten Washington offered false testimony. She seeks to reverse the State court's decision and be awarded custody of her son.

Under the *Rooker-Feldman* doctrine,[1] the Court lacks subject-matter jurisdiction to consider Boatwright's claims that Judge Plumlee's decision violated her rights. Under *Rooker-Feldman*, federal courts do not have subject matter jurisdiction in "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Unsuccessful state court litigants "may not obtain review of state court actions by

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986).

Here, although Boatwright alleges Defendants Judge Plumlee, CPS, and CPS investigator Kiersten Washington violated her civil rights, she is actually challenging the state court judgment terminating her parental rights. A federal review of these previously-litigated claims would be an impermissible collateral attack on the state court judgment. *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) (stating that *Rooker-Feldman* prohibits collateral attack on state court judgments, and that "[c]onstitutional questions arising in state proceedings are to be resolved by the state courts.").

Additionally, judges, like Judge Plumlee, have absolute immunity for actions taken within the scope of their jurisdiction, *see Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996), and witnesses, like Kiersten Washington, have immunity for their trial testimony, *see Quirk v. Mustang Engineering, Inc.*, 143 F.3d 973, 975 (5th Cir. 1998). Boatwright's claims against Judge Plumlee and Kiersten Washington should therefore be dismissed.

B. <u>The Court should not grant Boatwright leave to amend</u>.

Ordinarily, a *pro se* plaintiff should be given the opportunity to amend her complaint prior to dismissal but leave to amend is not required when the plaintiff has already pleaded her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Here, Boatwright has filed several amended complaints and has

therefore already pleaded her "best case." The complaint should therefore be dismissed.

IV.

For the foregoing reasons, the Court recommends that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Signed June 25, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).