IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SHANNON BRIANNA, BOATWRIGHT**, § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. **3:20-CV-43-L** |
| § **BRENDA SADBERRY,** *et al.*,* § § | |
| Defendants. § | |

## ORDER

On June 25, 2020, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 54) was entered, recommending that the court dismiss with prejudice all of *pro se* Plaintiff Shannon Brianna Boatwright's ("Plaintiff") claims against Defendants, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim because: (1) the Dallas and Garland Police Departments are nonjural entities and, thus, not subject to suit; and (2) the claims against the remaining Defendants are barred by judicial immunity and the *Rooker-Feldman* doctrine. Report 4 & n.1 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Because Plaintiff has amended her pleadings several times, the magistrate judge also recommends that she not be allowed to further amend her pleadings, as she appears to have pleaded her "best case." Report 5-6. No objections to the Report were filed.

---

* In addition to Brenda Sadberry, Plaintiff sues: Rick Sadberry; Valencia Alexendra; Shanan Munoz; Garland Police Department; Dallas Police Department; Aaron Acuna; Parkland Hospital; Garland Behavior Health; Marcus Alexander; UT Southwestern Hospital; Michael Harvey; Judge Andrea Plumlee; Marissa (NLN); Francisco (NLN); Child Protective Service(s) ("CPS"); and Keirstan Washington (CPS) ("Defendants").

Having considered the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court **dismisses with prejudice** Plaintiff's claims against Defendants for failure to state a claim for the reasons stated in the Report. The court also agrees that Plaintiff has stated her "best case" such that further amendment would be futile and unnecessarily delay the resolution of this litigation, as she has amended her pleadings several times since January 8, 2020.  Accordingly, Plaintiff will not be allowed to amend her pleadings again.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this certification, the court **incorporates by reference** the Report.  *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997).  The court **concludes** that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit.  *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

It is so ordered this 5th day of August, 2020.

Sam A. Lindsay
United States District Judge